UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT I. TOUSSIE, LAURA TOUSSIE
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY, INC.,
ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND
ACQUISITION & SALES CORP., and TOUSSIE
DEVELOPMENT CORP.,

                Plaintiffs,
                                                   **ORDER**
      -against-                                    CV 05-1814 (JS)(ARL)

COUNTY OF SUFFOLK, PAUL SABATINO, II,
PATRICIA B. SIELINSKI, and THOMAS A. ISLES,

                Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' letter application dated June 20, 2006, seeking a protective order precluding the depositions of Suffolk County Executive Steve Levy and former Suffolk County Executive Robert Gaffney. The defendants also seek an order directing the plaintiffs to conduct all depositions at the offices of the Suffolk County Attorney. The plaintiffs oppose the application by letter dated June 23, 2006.[1] For the reasons set forth below, the defendants' motion is granted, in part, and denied, in part.

      The plaintiffs alleges in their complaints[2] that their civil rights were violated when the defendants denied them the opportunity to purchase parcels of real estate during Suffolk County surplus auctions. The plaintiffs also allege several state law claims including breach of contract,

---

[1] The defendants June 26, 2006 reply will not be considered by the court. Replies are not accepted on letter motions without leave of court. *See* Local Rule 37.3(c).

[2] The plaintiffs' actions bearing index numbers CV 01-6716 and CV 05-1814 were consolidated for discovery purposes by order dated May 9, 2006.

breach of implied contract, defamation, and unjust enrichment.  The plaintiffs now seek to depose County Executive Steve Levy and former County Executive Robert Gaffney regarding their participation in the "discussions and decisions about the very issues which give rise to the plaintiffs' claims."  Balber letter dated 6/23/06 at 2.

"Depositions of high level government officials are permitted upon a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties."  *Marisol A. v. Giuliani,* No. 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719 *6 (S.D.N.Y. Mar. 23, 1998); see also *Lederman v. Giuliani,* 98 Civ. 2024 (LNM), 2002 U.S. Dist. LEXIS 19857 * 5 (S.D.N.Y. Oct. 17, 2002).   'The first prong of this standard . . . requires that the deposition be necessary to obtain relevant information not available from other sources."  *Marisol A.*, 1998 U.S. Dist. LEXIS at *7.  Moreover, depositions of high ranking government officials should only be permitted if that official "has unique personal knowledge that cannot be obtained elsewhere."  *Id.* at *8*; see also L.D. Leasing Corp. v. Crimaldi,* 91 Civ. 2430 (EHN), 1992 U.S. Dist. LEXIS 18683 * 2 (E.D.N.Y. Dec. 1, 1992) (plaintiff must show that the official had "particularized first-hand knowledge that cannot be obtained from any other source").  The defendants argue that the plaintiffs should be precluded from deposing County Executive Levy because he lacks unique personal knowledge of the allegations set forth in the complaint and the deposition would significantly interfere with his ability to carry out governmental duties.  The defendants further assert that an order should be issued precluding Mr. Gaffney's deposition, although they have offered no specific support for their assertion.

Courts often grant protective orders in cases where a high ranking official provides an

affidavit or declaration stating that he has no first-hand knowledge of the facts or circumstances at issue. *See, e.g., Eldaghar v. City of New York Dep't of Citywide Admin. Serv.,* No. 02 Civ. 9151 (KMW), 2004 U.S. Dist. LEXIS 3503 at *5 (S.D.N.Y. March 5, 2004). The nature of the allegations in this case makes it similar to many of the cases in which a protective order was granted. *See, e.g., Marisol A.,* 1998 U.S. Dist LEXIS at *11 (protective order precluding Mayor's deposition granted where information regarding investigation of Child Welfare Administration could be obtained from other officials); *L.D. Leasing Corp.,* 1992 U.S. Dist. LEXIS at *3 (protective order precluding Mayor's deposition granted where Mayor had no first-hand knowledge of property seizures at issue and other officials testified about the policy). County Executive Levy has stated that he possesses no unique personal knowledge relating to the instant case. *See* Levy Aff. at ¶ 2. County Executive Levy has also identified Chief Deputy County Executive Paul Sabatino, II, an individual with knowledge pertaining to the instant case and, according to the parties' papers, his deposition has been scheduled. Moreover, County Executive Levy has stated, by affidavit, that the deposition would significantly interfere with his ability to perform his governmental duties. Accordingly, the court finds that the defendants have supported their request to preclude the deposition of County Executive Levy and thus, grants the application.

Determination of the defendants' motion with respect to Mr. Gaffney is not as clear. The specific rules governing depositions of high level government officials do not apply to Mr. Gaffney as he is no longer the County Executive. *See Sanstrom v. Rosa,* 1996 U.S. Dist. LEXIS 11923 * 12 (S.D.N.Y. Aug. 16, 1996)(allowing deposition of former Governor Cuomo). However, that is not to say that the depositions of former government officials should be lightly granted. *See Gibson v. New York Police Officer Carmody,* 1991 U.S. Dist. LEXIS 11225 * 1 (S.D.N.Y. Aug. 14, 1991). Generally, the depositions of former government officials are granted

3

where the official has been personally involved in the events at issue in the case. *See id.* at * 2 (permitting deposition of former police commissioner who personally participated in proceedings at issue in case). Here, the plaintiffs have asserted in their complaint (01-6716) that Mr. Gaffney directly interfered with the plaintiffs' ability to purchase property by, among other things, directing Allen Greco, the Director of Real Estate, to stop doing business with them. Accordingly, his deposition is required because he may possess particular information necessary to the development of the plaintiffs' case. Thus, the defendants' motion to preclude Mr. Gaffney's deposition is denied.

Finally, the defendants' motion seeking an order requiring all depositions to be held at the offices of the Suffolk County Attorney is denied. The court will not issue a broad, open-ended order of this nature. However, the parties should be guided by the general rules governing the locations of depositions. "As a general rule, the party noticing the deposition usually has the right to choose the location. The deposition of a non-resident defendant, however, is generally conducted at the defendant's place of residence. Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principle place of business." *See Buzzeo v. Bd. of Educ., Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998)(citations omitted); *see also Brown v. Van Nostrand Reinhold,* 1990 U.S. Dist. LEXIS 11467 * 3 (S.D.N.Y. Aug. 31, 1990)(ordering defendant employees depositions to take place in New York City rather that Melville where depositions had been noticed by plaintiff).

Dated: Central Islip, New York  
      July 13, 2006

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge