UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT I. TOUSSIE and CHANDLER PROPERTY,
INC.,

                              Plaintiffs,                   **ORDER**
                                                         CV 01-6716 (JS)(ARL)

        -against-

COUNTY OF SUFFOLK, ROBERT J. GAFFNEY,
individually and in his official capacity as Suffolk
County Executive, ALLEN GRECCO, and
PEERLESS ABSTRACT CORP.,

                              Defendants.
----------------------------------------------------------------X
ROBERT I. TOUSSIE, LAURA TOUSSIE
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY, INC.,
ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND
ACQUISITION & SALES CORP., and TOUSSIE
DEVELOPMENT CORP.,

                              Plaintiffs,                   CV 05-1814 (JS)(ARL)
        -against-

COUNTY OF SUFFOLK, PAUL SABATINO, II,
PATRICIA B. SIELINSKI, and THOMAS A. ISLES,

                              Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      By order dated March 28, 2007, District Judge Seybert referred the plaintiff's motion to consolidate to the undersigned for a determination. The motion is opposed by the defendants. For the reasons set forth below, the motion is granted.

## DISCUSSION

      The plaintiffs, Robert Toussie and Chandler Property, Inc., commenced an action in October 2001, asserting that their civil rights had been violated when the defendants denied them

the opportunity to purchase thirty-one parcels of real estate, for which Robert Toussie was the highest bidder, at the May 2001 Suffolk County surplus auction (the "2001 complaint"). The plaintiffs also alleged several state law claims including breach of contract, breach of fiduciary duty, tortious interference with business relations and contract, and accounting in equity. One year later, in October 2002, the plaintiffs then amended their complaint for the purpose of adding a reference to the Section 50-h hearing.

In April 2005, joined by several family members, as well as two additional corporate entities, the plaintiffs commenced a second action, asserting similar claims under 42 U.S.C. §1983 (the "2005 complaint"). Specifically, the 2005 complaint alleges that the defendants violated the plaintiffs' civil rights when they blocked the sale of 15 more parcels in 2002, the sale of real estate adjacent to the surplus property in 2003, and barred the plaintiffs attendance from the 2004 public auctions. As they had in the 2001 complaint, the plaintiffs also asserted several state law claims including, among other things, breach of contract, unjust enrichment, and defamation.

After issue was joined in both actions, the court consolidated the 2001 and 2005 actions for discovery purposes, on consent of both parties. The plaintiffs now seek to consolidate the matters for all purposes. They argue that consolidation is appropriate because the 2001 and 2005 actions arise out of the same set of operative facts and legal issues. Pls. Mem. at 2. The defendants oppose the consolidation arguing that the two cases lack the requisite commonality of parties, facts and issues, and that consolidation would prejudice the defendants.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

"In determining whether consolidation is appropriate, the court must consider whether 'judicial economy favor(s) consolidation. This consideration, however, 'must yield to a paramount concern for a fair and impartial trial.'" *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998)(internal citations omitted). "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Walker v. Deutsche Bank, AG,* 2005 U.S. Dist. LEXIS 19776 *6 (S.D.N.Y. Sept. 6, 2005).

Given these standards, trial courts are often guided by the following factors:

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple tier alternatives.

*Johnson v. Celotex,* 89 F.2d 1281, 1285 (2d Cir. 1990). In this case, there is no question that the 2001 and the 2005 actions involve common questions of law and fact. Indeed, the two complaints allege virtually the same causes of action and the allegations are almost identical except for the dates of the surplus actions and/or mini-auctions and the alleged means by which the plaintiffs were denied the ability to purchase the properties. The plaintiffs in the 2005 complaint are either related to the plaintiff Robert Toussie or are companies owned by him and the new defendants are all County employees who were allegedly involved in the decision not to sell the properties to the plaintiffs. Accordingly, absent consolidation, most, if not all, of the parties, as well as other witnesses, would be required to testify twice.

Nonetheless, the court must consider whether the defendants will be prejudiced by the consolidation. The defendants contend that because the facts set forth in the 2005 action do not support the causes of action alleged in the 2001 action, and visa versa, the defendants would be

prejudiced from the consolidation.  The court disagrees.  The 2005 action simply adds additional grounds to support the plaintiffs' claims.  The court does not believe that a jury will have a problem distinguishing between the plaintiffs' claims based on the denial of an opportunity to purchase property in 2001, as compared to 2002, and so on.  Nor does the court believe that a jury will misunderstand each of these separate acts is alleged to have given rise to a civil rights violation.  Accordingly, the court finds that in the interest of judicial economy, the 2001 and the 2005 actions should be consolidated.  The clerk of the court is directed to close the 2005 action and all papers are to be filed in the 2001 action.

Dated:  Central Islip, New York
       May 18, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge